**COHELAN KHOURY & SINGER**
Isam C. Khoury (SBN 58759)
Email: msinger@ckslaw.com
Jeff Geraci (SBN 151519)
Email: jgeraci@ckslaw.com
605 C Street, Suite 200
San Diego, CA 92101
Telephone: (619) 595-3001 / Facsimile: (619) 595-3000

**UNITED EMPLOYEES LAW GROUP**
Walter L. Haines (SBN 71075)
Email: whaines@uelglaw.com
8605 Santa Monica Blvd., #63354
West Hollywood, CA 90069
Telephone: (562) 256-1047 / Facsimile: (562) 256-1006

Attorneys for Plaintiff Tait McCaffery

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

TAIT MCCAFFERY, on behalf of himself and on behalf of others similarly situated,

Plaintiff,

v.

VITAL HEALTHCARE STAFFING INC., a Nebraska corporation; DOES 1-10, inclusive,

Defendants.

Case No.

**CLASS ACTION COMPLAINT**

1. **FAILURE TO PAY WAGES**
2. **FAILURE TO PROVIDE MEAL PERIOD PREMIUMS**
3. **FAILURE TO PROVIDE REST PERIODS PREMIUMS**
4. **FAILURE TO REIMBURSE BUSINESS EXPENSES**
5. **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
6. **FAILURE TO PAY FINAL WAGES**
7. **VIOLATIONS OF THE UCL**

**DEMAND FOR JURY TRIAL**

Plaintiff TAIT MCCAFFERY, ("Plaintiff"), on behalf of himself and all others similarly situated, alleges:

## NATURE OF CLAIM

1. Plaintiff brings this class action on behalf of himself and all non-exempt health care workers employed in California by VITAL HEALTHCARE STAFFING INC. and Does 1 through 10 ("Defendants" or "VHS") at any time during the four years preceding the filing of this Complaint ("the Class"). Federal Rules of Civil Procedure, Rule 23.

2. Plaintiff, on behalf of himself and the Class, seeks unpaid wages, liquidated damages, equitable relief, prejudgment interest, reasonable attorneys' fees and costs, and any other relief this Court deems proper. California Labor Code sections 201, 202, 203, 226, 226.7, 510, 512, 1174, 1174.5, 1194, 1194.2, and 2802, and Industrial Welfare Commission ("IWC") Wage Orders 4-2001 and 5-2001; and Business and Professions Code sections 17200, et seq.

## PARTIES

3. Plaintiff TAIT MCCAFFERY is over the age of eighteen (18) and resided in California while working for Defendant.

4. Defendant Vital Healthcare Staffing, Inc. is a Nebraska corporation that provides employees for assignments in California and elsewhere and does business as "Magnet Medical."

5. Does 1 through 10, inclusive, are persons or entities whose true names and identities are unknown to Plaintiff, and are sued by fictitious names. Plaintiff will amend to allege their true names and capacities when known.

6. Plaintiff is informed and believes each Doe is the agent, representative, or parent or subsidiary of VITAL HEALTHCARE STAFFING INC., acted within the course and scope of such agency, and is responsible in some manner for alleged occurrences, injuries, and harm suffered, by Plaintiff and Class members, proximately caused by Defendants.

7. Plaintiff is informed, believes, and alleges each Defendant, including Doe defendants, acted in concert with each and every other Defendant, intended to and did participate in the practices alleged, and was a proximate cause of damage and injury to Plaintiff and members of the Class.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

## JURISDICTION AND VENUE

8. This Court has diversity jurisdiction over this action. Plaintiff is a citizen of Florida and Defendant is a citizen of Nebraska. 28 U.S.C. § 1332.

9. This Court has original jurisdiction because the proposed Class consists of 100 or more members; the amount in controversy exceeds $5,000,000, exclusive of costs and interest; and minimal diversity exists. Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367.

10. Venue is proper because many of the acts and transactions giving rise to this action occurred in this District, Defendants are authorized to, and did, conduct business in this District, and have intentionally availed themselves of the laws of this District by employing members of the Class in this District. 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

11. At all relevant times, Plaintiff and members of the Class were employed by Defendants in California, and Defendants conducted business in California.

12. Defendant Vital Healthcare is a healthcare staffing company employing hourly health care workers for short-term travel assignments throughout California. The positions include, but are not limited to, MRI and X-Ray Technologists, Registered Nurses (RNs), Licensed Vocational Nurses (LVNs), and Certified Nursing Assistants (CNAs) ("Travelers").

13. Defendant Vital Healthcare recruits and hires healthcare workers from across the country. Plaintiff worked as an MRI Technologist for VHS at Natividad Medical Center, in Salinas, California, from approximately March 31, 2025 through August 15, 2025.

14. When assigned to a California facility, such as Natividad Medical Center, Travelers, including Plaintiff, must sign a standard form contract that provides them with compensation information and other terms of employment. Plaintiff and other Travelers then temporarily relocate to the assigned area.

15. Defendants pay Travelers, including Plaintiff, housing and meal per diems, in addition to hourly wages. Defendants retain authority, according to the required form contract, to reduce the per diems for any scheduled hours not worked by Travelers.

16. Defendants have a uniform policy not to include amounts paid for housing and meals when determining an employee's regular rate of pay. By failing to include these amounts, Defendants fail to properly pay Plaintiff and Travelers all overtime wages, premium wages for meal periods not provided or rest periods not authorized, paid time off, sick pay, and any other wages based on the regular rate of pay.

17. Plaintiff was underpaid in each pay period of his assignment as a result of Defendants' uniform policy, including his first pay period ending April 5, 2025.

18. During each workweek of his assignment, Defendants expected Plaintiff to use, and Plaintiff did use, his personal cell phone for business related purposes, including communicating with supervisors, managers, and employees performing human resources functions for Defendants, and for the California facility it assigned him to. Though Plaintiff and Travelers use their personal cell phones, Defendants have no policy to, and do not, reimburse employees for reasonable and necessary business expenses incurred in direct consequence of the discharge of their duties, including personal cell phone use.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

## **CLASS ACTION ALLEGATIONS**

19. Plaintiff seeks to represent and certify a Class of:

**Class**
All non-exempt hourly health care workers employed by Defendants in California at any time during the four years before the filing of this Complaint through the date of trial.

20. Plaintiff seeks to certify a subclass of employees defined as:

**Unpaid Wages Subclass**
All members of the Class who worked one or more period(s) in excess of eight (8) hours or one or more weeks in excess of forty (40) hours.

21. Plaintiff seeks to certify a subclass of employees defined as:

**Meal Period Premium Subclass**
All members of the Class who were paid a meal period premium.

22. Plaintiff seeks to certify a subclass of employees defined as:

**Rest Period Premium Subclass**
All members of the Class who were paid a rest period premium.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

23. Plaintiff seeks to certify a subclass of employees defined as:

**Expense Reimbursement Subclass**

All members of the Class who incurred business-related expenses, including, but not limited to personal cell phone use.

24. Plaintiff seeks to certify a subclass of employees defined as:

**Wage Statement Subclass**
All members of the Class who received an itemized wage statement during the one year preceding the filing of this Complaint.

25. Plaintiff seeks to certify a subclass of employees defined as:

**Waiting Time Subclass**
All members of the Class whose employment ended any time during the three years preceding the filing of this Complaint.

26. Plaintiff seeks to certify a subclass of employees defined as:

**UCL Subclass**
All members of the Unpaid Wages, Rest and Meal Period premium, Expense Reimbursement, and Waiting Time Subclasses.

27. Plaintiff reserves the right to amend or modify the Class or Subclass descriptions, including by division into further subclasses or limitation to particular issues. Federal Rules of Civil Procedure, Rules 23(c)(4) and (5).

28. **Commonality**: This action has been brought and may be maintained as a class action pursuant to Federal Rules of Civil Procedure, Rule 23, because there is a well-defined common interest of many persons and it is impractical to bring them all before the court.

29. **Ascertainable Class**: The proposed Class and Subclasses are ascertainable because they can be identified and located using Defendants' payroll and personnel records.

30. **Numerosity**: Potential members of the Class and Subclasses as defined are so numerous that joinder of all members is unfeasible and impractical. Disposition of their claims through this action benefits the parties and this Court. The number of Class and Subclass members is unknown, but estimated to be over 100 individuals, but their number and identity can be readily ascertained using Defendants' records.

31. **Typicality**: Plaintiff's claims are typical of the Class and Subclasses because all were similarly damaged by Defendants' common course of conduct in violation of law.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

32. **Adequacy**: Plaintiff is an adequate representative of the Class and Subclasses, will fairly protect the interests of the Members, has no interests antagonistic to them, and will vigorously pursue this suit. Plaintiff's attorneys are competent, skilled, and experienced in litigating large employment law class actions.

33. **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over questions affecting only individual Members. A Class action will allow those similarly situated to litigate their claims in the most efficient manner for the parties and Court. Plaintiff is unaware of any difficulties likely to be encountered that precludes maintenance of the action as a class action.

34. The predominating common questions of law and fact include:

a. Whether Defendants have a policy and practice of failing to pay hourly and overtime wages at the proper rate of no less than one-half times the regular rate for an employee;

b. Whether Defendants have a policy or practice of failing to completely reimburse for some necessary business-related expenses;

c. Whether Defendants have a policy and practice of failing to provide premiums in lieu of compliant meal periods;

d. Whether Defendants have a policy and practice of failing to provide premiums in lieu of authorizing and permitting compliant rest periods;

e. Whether Defendants have a policy or practice of failing to provide, at times, accurate itemized wage statements;

f. Whether some Waiting Time Subclass Members are entitled to waiting time penalties under Section 203;

g. Whether Defendants violated Sections 17200, et seq. of the Business and Professions Code; and

h. Whether the Class and Subclasses are entitled to equitable relief pursuant to Business and Professions Code, sections 17200, et seq.

**FIRST CAUSE OF ACTION**
**Failure to Pay Wages**
**(By Plaintiff and each Member of the Unpaid Wages Subclass)**

35. Plaintiff incorporates the preceding paragraphs of this Complaint.

36. By failing to pay wages at the rate of no less than one and one-half times the regular rate of pay for hours worked over eight per day or forty per week, and no less than two times regular rate of pay for hours worked over twelve per shift, Defendants failed to pay all earned wages to Plaintiff and members of the Unpaid Wages Subclass and violated Labor Code sections 218.5, 510, and 1194, 1194.2.

37. Defendants' unlawful acts deprived Plaintiff and members of the Unpaid Wages Subclass of wages in amounts to be determined at trial, and they are entitled to recover these amounts, liquidated damages for unpaid minimum wages, interest, attorneys' fees, and costs.

**SECOND CAUSE OF ACTION**
**Failure to Provide Meal Period Premiums**
**(By Plaintiff and each Member of the Meal Period Subclass)**

38. Plaintiff incorporates the preceding paragraphs of this Complaint.

39. By failing to pay Plaintiff and members of the Meal Period Subclass one hour of pay at their regular rate for each day a compliant meal period was not provided, Defendants willfully violated Labor Code sections 226.7 and 512.

40. Defendants' unlawful acts deprived Plaintiff and members of the Meal Period Subclass of premium wages in amounts to be determined at trial, and they are entitled to recover such amounts, plus interest, attorneys' fees, and costs.

**THIRD CAUSE OF ACTION**
**Failure to Provide Rest Period Premiums**
**(By Plaintiff and each Member of the Rest Period Subclass)**

41. Plaintiff incorporates the preceding paragraphs of this Complaint.

42. By failing to provide premium wages at the regular rate of pay when rest periods were not permitted or authorized, Defendants willfully violated Labor Code section 226.7.

43. Defendants' unlawful acts deprived Plaintiff and members of the Rest Period Subclass of premium wages in amounts to be determined at trial, and they are entitled to recover such amounts, plus interest, attorneys' fees, and costs.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

**<u>FOURTH CAUSE OF ACTION</u>**
**Failure to Reimburse Necessary Business Expenses**
**(By Plaintiff and each Member of the Expense Reimbursement Subclass)**

44. Plaintiff incorporates the preceding paragraphs of this Complaint.

45. By failing to reimburse Plaintiff and Expense Reimbursement Subclass members, or some of them, for all necessary business-related expenses incurred, including personal cell phone use, Defendants violated Labor Code § 2802, and received an unlawful windfall. *Cochran v. Schwan's Home Service, Inc*. (2014) 228 Cal. App. 4th 1137, 1144.

46. Defendants' unlawful acts deprived Plaintiff and members of the Expense Reimbursement Subclass, or some of them, of reimbursements in amounts to be determined at trial, and they are entitled to recover these amounts, with interest, attorneys' fees, and costs.

**<u>FIFTH CAUSE OF ACTION</u>**
**Failure to Provide Accurate Itemized Wage Statements**
**(By Plaintiff and each Member of the Wage Statement Subclass)**

47. Plaintiff incorporates the preceding paragraphs of this Complaint.

48. All employers must maintain accurate records of each employee's hours of work each workday for at least three (3) years, and provide employees accurate, itemized wage statements showing, among other things, total hours worked and number of hours worked at each corresponding rate of pay. Labor Code §§ 226, 1174 and 1174.5.

49. Defendants knowingly failed to comply with these provisions by, among other things, failing to provide accurate wage statements showing total number of hours worked at each corresponding rate of pay. Because Defendants failed to compensate Plaintiff and members of Wage Statement Subclass, or some of them, for all hours worked, the itemized wage statements provided by Defendants them were inaccurate.

50. An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees. Labor Code § 226, subd. (e).

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

51. Plaintiff and the members of the Wage Statement Subclass are entitled to recover the greater of actual damages or penalties not to exceed $4,000 for each employee, along with interest, attorneys' fees and costs. See Labor Code § 226, subd. (e).

**SIXTH CAUSE OF ACTION**
**Failure to Timely Pay Wages Due at Separation**
**(By Plaintiff and each Member of the Waiting Time Subclass)**

52. Plaintiff incorporates the preceding paragraphs of this Complaint.

53. An employer who discharges an employee must pay all compensation due to that employee immediately upon discharge. Labor Code § 201. An employer must pay all compensation due to an employee who quits within 72 hours. Labor Code § 202.

54. If an employer willfully fails to timely pay wages the employer must, as a penalty, continue to pay the employee's wages until fully paid or until an action is commenced. Labor Code § 203. Because Defendants failed to pay Plaintiff and Subclass Members all wages during their employment, Defendants failed to timely pay all final wages to former employees.

55. Defendants' willful failure to pay wages to Plaintiff and members of the Waiting Time Subclass, or some of them, violated Labor Code section 203 because Defendants knew these wages were due, but failed to pay them.

**SEVENTH CAUSE OF ACTION**
**Violation of the Unfair Competition Law**
**(By Plaintiff and each Member of the UCL Subclass)**

56. Plaintiff incorporates the preceding paragraphs of this Complaint.

57. The California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code sections 17200, et seq., defines unfair competition to include any "unlawful," "unfair," or "fraudulent" business act or practice. Cal. Bus. & Prof. Code § 17200.

58. Defendants' conduct constitutes unlawful business practices because Defendants violated the California Labor Code, including but not limited to Sections 510 and 1194 (wages), 201-203 (final wages), 226.7 (rest/meal periods) 2802 (reimbursement) and sections of Wage Order 4-2001.

59. Defendants' conduct as described above constitutes unfair business practices because their denial of lawfully earned wages outweighs any utility of such practices.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

60. As a result of Defendants' unlawful and unfair conduct, Plaintiff and members of the UCL Subclass suffered injury in fact.

61. Plaintiff and members of the UCL Subclass seek declaratory and injunctive relief, restitution, and other appropriate equitable relief. Bus. & Prof. Code §§ 17203, 17204.

62. Pursuant to California Code of Civil Procedure section 1021.5, Plaintiff and members of the UCL Subclass are entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

63. This cause of action is a cumulative remedy and intended as an alternative remedy for restitution for Plaintiff, and the UCL Subclass, or some of them, for the four (4) year period before the filing of this Complaint, and as the primary remedy during the fourth year before the filing of this Complaint. Business and Professions Code § 17205. Plaintiff and UCL Subclass Members do not have an adequate remedy under law because, among other reasons; they may not recover on any claim alleged more than three years before the filing of this Complaint, while restitution may be awarded starting four years before the filing of this Complaint; and, the other claims alleged do not provide for injunctive relief.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

**PRAYER FOR RELIEF**

Plaintiff prays for the following relief on behalf of himself and members of the Class:

1. Class action certification. Federal Rules of Civil Procedure, Rule 23;
2. Appointment of Plaintiff and Plaintiff's counsel to represent the Class;
3. Provision of Class notice;
4. A declaratory judgment that Defendants knowingly and intentionally violated:
   a. Labor Code sections 510 and 1194 by failing to all wages;
   b. Labor Code section 2802 by failing to completely reimburse necessary business-related expenses;
   c. Labor Code sections 226.7 and 1198 by failing to or pay premium wages in lieu of compliant meal periods; and,
   d. Labor Code sections 226.7 and 1198 by failing to pay premium wages in lieu of authorizing compliant rest periods; and,

e. Labor Code section 226 by failing to provide accurate wage statements;

f. Labor Code section 203 by failing to pay waiting time penalties;

5. An order requiring Defendants to stop using any policy found to violate the Labor Code, including those which underpay wages by failing to add all required amounts to the regular rate of pay pursuant to Business and Professions Code section 17200, et seq;

6. An order requiring Defendants to restore all amounts owed to Plaintiff and Class Members, according to proof, pursuant to Business and Professions Code section 17203;

7. An award of unpaid wages to Plaintiff and Class Members, according to proof;

8. For an award of liquidated damages as permitted by Labor Code section 1194.2;

9. For penalties incurred under Labor Code section 1197.1 for each underpaid employee per pay period for which the employee was underpaid;

10. For penalties permitted pursuant to the Labor Code, and Orders of the Industrial Welfare Commission including, but not limited to penalties under Labor Code section 226(e);

11. For pre- and post-judgment interest to the extent permitted by law including, but not limited to, Labor Code sections 218.6 and 1194;

12. Civil penalties permitted by Labor Code section 256, for violations of Labor Code sections 201-203, according to proof;

13. Compensatory damages according to proof;

14. Statutory damages as provided under the Labor Code;

15. Pre-judgment interest on all sums collected;

16. For reasonable attorneys' fees and cost of suit including pursuant to Labor Code sections 226, 226(h), and 1194, and Code of Civil Procedure section 1021.5; and

17. Such other relief as the Court may deem appropriate.

COHELAN KHOURY & SINGER
UNITED EMPLOYEES LAW GROUP

Dated: May 27, 2026

By: s/ Jeff Geraci
Jeff Geraci
Counsel for Plaintiff Tait McCaffery

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial of all claims triable as of right by jury.

COHELAN KHOURY & SINGER
UNITED EMPLOYEES LAW GROUP

Dated: May 27, 2026

By: s/ Jeff Geraci
Jeff Geraci
Counsel for Plaintiff Tait McCaffery

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101